UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DEBRA L. WAGNER,                  )
                                 )
            Plaintiff,           )
        vs.                      ) NO. 1:10-cv-01260-MJD-JMS
                                 )
MICHAEL J. ASTRUE,               )
                                 )
            Defendant.           )

**ENTRY DISCUSSING COMPLAINT FOR JUDICIAL REVIEW**

This matter is before the Court on claimant, Debra L.
Wagner's, petition in support of a claim for review of the Social
Security Administration's decision denying her benefits.  The
Court, being duly advised, now AFFIRMS the Administrative Law
Judge's opinion as follows:

**I.  BACKGROUND**

On November 28, 2007, Wagner filed applications for Social
Security Disability Insurance benefits and Social Security
Supplemental Security Income Disability benefits under Titles II,
42 U.S.C. § 401 *et seq.*, and XVI, 42 U.S.C. § 1381 *et seq.*, of
the Social Security Act, alleging disability beginning in January
2000.  Her applications were denied both initially and upon
reconsideration.  As a result, she requested a hearing in front
of an Administrative Law Judge ("ALJ").  That hearing was held on
February 2, 2010 and, on April 12, 2010, the ALJ issued a
decision concluding that Wagner was not disabled and therefore

not entitled to benefits.  On August 24, 2010, the Appeals Council affirmed the ALJ's decision and Wagner then filed her appeal with this Court on October 5, 2010. Oral Arguments were held before the Court on June 23, 2011.

Wagner alleges disability pursuant to a 12.03 Listing, Schizophrenic, Paranoid and Other Psychotic Disorders as well as a 1.04 Listing, Disorders of the spine.  The 1.04 Listing, however, is not at issue before this Court as it was not raised by the Plaintiff on appeal.

## II.  STANDARD OF REVIEW

With regard to the entirety of an ALJ's decision, the "substantial evidence" standard is applied. This means that the ALJ's factual findings will be upheld so long as they are supported by substantial evidence and not undermined by legal error. 42 U.S.C. § 405(g); *Schmoll v. Harris*, No. 80-1635, 1980 U.S. App. LEXIS 11142 (7th Cir. Dec. 23, 1980). In defining substantial evidence, the Seventh Circuit has consistently held that substantial evidence is evidence that a reasonable mind could accept as adequate to support the ALJ's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The ALJ's decision need not address every piece of evidence or testimony, but it must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).  In building this logical

bridge, however, "[b]oth the evidence favoring the claimant as well as the evidence favoring the claim's rejection must be examined, since review of the substantiality of evidence takes into account whatever in the record fairly detracts from its weight." ***Bauzo v. Bowen*, 803 F.2d 917, 923 (7th Cir. 1986)**.  Further, the ALJ must articulate, at some minimum level, his analysis of the record so that the reviewing court can follow his reasoning. *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  As such, the Seventh Circuit has held that the ALJ's decision must be based upon a consideration of all relevant evidence and, further, the reasons for his conclusions must be stated in a manner sufficient to permit an informed review. *Garfield v. Schweiker,* 732 F.2d 605, 610 (7th Cir. 1984).

### III.  DETERMINING DISABILITY

The Social Security Administration has established a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520; § 416.920 (2010).  The series of steps are followed in order.  If it can be determined that the claimant is or is not disabled at a particular step, the evaluation will not continue and a decision will be made.  If a claimant's disability cannot be determined at a particular step, the evaluation will proceed to the next step.  Step one requires the ALJ to consider work activity and any substantial gainful activity of the claimant. 20 C.F.R. § 404.1520(a)(4)(i); § 416.920(a)(4)(i) (2010).  At step two, the medical severity of claimant's

impairments is considered and either a severe medically determinable physical impairment or a mental impairment that meets the duration requirement must be found for the evaluation to continue. 20 C.F.R. § 404.1520(a)(4)(ii); § 416.920(a)(4)(ii) (2010). At the third step, the medical severity of the claimant's impairments is considered in that it must be determined that the claimant's impairment or combination of impairments meets or medically equals the criteria for one of the listings in 20 C.F.R. Pt. 404, Subpart P, App. 1. The duration requirement must also be satisfied. 20 C.F.R. § 404.1520(a)(4)(iii); § 416.920(a)(4)(iii) (2010). Before the fourth step, the claimant's residual functional capacity ("RFC") is determined. The fourth step then uses this residual functional capacity determination in assessing the claimant's ability to perform the requirement of her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv); § 416.920(a)(4)(iv)(2010). Finally, at the fifth and last step, the claimant's residual functional capacity determination will be considered with regard to the claimant's age, education, and work experience to evaluate and decide whether the claimant can perform any other work. 20 C.F.R. § 404.1520(a)(4)(v); § 416.920(a)(4)(v)(2010).

In order to establish disability under the listings, the claimant has the burden of demonstrating that her impairment meets or medically equals the criteria set forth under the listing to which the impairment relates. The claimant must show

that her medical condition meets all of the specified criteria as well as the requisite severity. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); 20 C.F.R. § 404.1520(c)(2010). Alternatively, a claimant can demonstrate disability if her impairments are equivalent to a listed impairment by presenting "medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531; *see also* 20 C.F.R. § 416.926 (2010). In order to demonstrate severity, the claimant must prove that her mental impairment results in at least two of the following:

(i)     marked restriction of activities of daily living
(ii)    marked difficulties in maintaining social functioning
(iii)   marked difficulties in maintaining concentration, persistence, or pace or
(iv)    repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.03(2010).

20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.00(C) defines "marked," with regard to degree of limitation, as meaning more than moderate but less than extreme. "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such so as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpart P, App. 1, § 12.00(C)(2010).

## IV. DISCUSSION

Wagner makes five arguments on appeal.  First, Wagner asserts that there was substantial evidence to support her claim that her combined impairments met or medically equaled Listing 12.03 found in 20 C.F.R. Pt. 404, Subpart P, App. 1 under Step Three of the sequential evaluation.  Specifically, Wagner asserts that the ALJ arbitrarily rejected treatment-examination evidence which proved that her impairments met or medically equaled Listing 12.03.  Second, Wagner argues that the ALJ did not summon a medical advisor when one was required and that the ALJ substituted his own opinions for that of a medical advisor. Third, Wagner challenges the ALJ's credibility determination pursuant to Social Security Ruling ("SSR") 96-7p.  Fourth, Wagner challenges the ALJ's Step Five determination that she could perform unskilled, light level work and contends that the ALJ's residual functional capacity assessment did not include her limitations.  Finally, Wagner argues that the Commissioner engaged in post hoc rationalization by improperly attempting to rewrite the ALJ's decision. The Court will address each argument in turn.

## A.        Wagner's 12.03 Listing ("Paragraph B") Argument

Wagner argues that there was substantial evidence to support her claim that her combined impairments met or medically

equaled Listing 12.03 and, further, that the ALJ ignored treatment evidence that would lend substantial support to the establishment of each required element of "paragraph B" under the 12.03 Listing. The Court disagrees.

With regard to the treatment evidence Wagner claims was ignored, the Court recognizes that the ALJ did not specifically mention the reports from Midtown Community Mental Health Center ("Midtown") or Cummins Behavioral Health Systems, Inc. ("Cummins"). Remand is not necessitated, however, as the ALJ is not required to address every piece of evidence, so long as he "articulate[s] some legitimate reason for his decision." *Clifford*, 227 F.3d at 872.

The Court further recognizes that the records from the doctors at Midtown and Cummins are treating sources and, as such, would be entitled to controlling weight; however, these reports consist largely of the claimant's complaints to the doctor(s) rather than actual diagnoses and their subsequent effects. The only specific diagnosis found within the records is schizoaffective disorder, depressive type. [Dkt. 17-7 at 14, R. 276; Dkt. 17-10 at 11, R. 336.] Other disorders, such as generalized anxiety disorder, were marked as "r/o," meaning "rule out," and the record does not indicate that claimant was ever diagnosed with any of the "r/o" disorders. 20 C.F.R. § 416.927 states that a treating source's opinion will be given controlling weight on the issues of nature and severity if the "impairment(s)

is well-supported by medically acceptable clinical and laboratory diagnostic techniques …." Though the reports of Wagner's treating physicians contain impressions and progress notes, these cannot be equated to an opinion that warrants controlling weight as they are based solely on the claimant's subjective complaints. Moreover, it would seem impracticable for the ALJ to address each of these reports individually because they are consistent with the evidence in the record, including the reports of the consultant examiners, which the ALJ discussed. *See Garfield v. Schweiker,* 732 F.2d 605, 609 (7th Cir. 1984) (explaining that the ALJ is not required to evaluate every piece of evidence and that the ALJ needs to articulate a minimal level of analysis where considerable evidence is presented to counter the agency's position).

It is important to note here that in order to meet the requisite level of severity under a 12.03 Listing, the requirements in both "A" and "B" must be satisfied or the requirements in "paragraph C" must be met.[1] 20 C.F.R. Pt. 404, Subpart P, App.1, § 12.03 (2010). The Commissioner concedes that the record supports a finding that Wagner met the requisite

---

[1] The ALJ does not discuss the requirements of "paragraph A" that are necessary to establish a 12.03 Listing. It can be assumed, however, that because he considered the requisite criteria for both paragraphs "B" and "C", the evidence in the record supported a finding under "paragraph A" of the 12.03 Listing. The "paragraph A" criteria establish the necessary symptoms that must be present in order to demonstrate the presence of an impairment under the Listing. The ALJ would not have considered "paragraph B", which lists the necessary criteria to establish severity of the impairment, if "A" had not been satisfied. The ALJ provided a brief discussion explaining why "paragraph C" was not met. That was not challenged by Ms. Wagner is and therefore not before this Court.

"paragraph A" criteria for Listing 12.03, but maintains that
Wagner failed to meet the "paragraph B" criteria. In light of
the Commissioner's concession that the record supports a finding
for the "A" criteria, the Court's consideration will hinge on the
substantiality of the evidence to support the "paragraph B"
criteria which, according to 20 C.F.R. Pt. 404, Subpart P, App.
1, § 12.03, are necessary to demonstrate the requisite severity
of the condition.

In considering the factors necessary to demonstrate
severity, an ALJ must determine that two marked difficulties
exist in the following areas: activities of daily living;
maintaining social functioning; maintaining concentration,
persistence, or pace; or repeated episodes of decompensation,
each of extended duration. 20 C.F.R. Pt. 404, Subpart P, App. 1,
§ 12.03 (2010). The Court will address the ALJ's determination
with regard to each of the first three factors as it is not
contested that the fourth factor, episodes of decompensation, is
not present in Wagner's case.

With respect to the first factor to be considered under
"paragraph B," the ALJ determined that the claimant is mildly
restricted. He cites the concerns of claimant and her sister
about personal hygiene and grooming, [Dkt. 17-2 at 15, R. 14],
but then notes that the evaluation by the consultant examiner did
not show deficits in this area. For example, the ALJ quotes the
report of Dr. Michael O'Brien, a consultant examiner for the

Social Security Administration and Doctor of Psychology (Psy.D.), that claimant was "casually dressed and adequately groomed" and that "[b]oth Ms. Wagner and her clothing seemed clean." [Dkt. 17-2 at 15, R. 14; Dkt. 17-10 at 8, R. 333.]  Further, the ALJ cites claimant's testimony that she was able to care for her elderly mother and complete many household chores on a regular basis. [Dkt. 17-2 at 14, R. 13.]  Coupled with his own observation of the claimant at the hearing, the ALJ properly considered the evidence in his determination that Wagner was mildly restricted in the area of daily living.

Turning to the second factor, although the ALJ recognized that the claimant has schizoaffective disorder, depressive type and determined that it was a severe impairment within the meaning of the regulations, he cited claimant's testimony that she completes various chores, attends church once a month, and shops outside her home. [Dkt. 17-2 at 15, R. 14.]  The claimant also reported that being around people was very stressful for her and she preferred to be alone, but the ALJ noted that claimant's past job as a certified nursing assistant ("CNA") normally requires a "high degree of contact with the public and co-workers." [*Id.*]  As such, the ALJ concluded that Wagner has mild limitations in the area of social functioning and this conclusion was supported by the record.

Looking to the third factor, concentration, persistence or pace, the ALJ cited both claimant's and claimant's sister's

concerns, though substantial evidence in the record supports his finding that these concerns do not demonstrate a marked impairment. In making this determination, the ALJ referenced the report of consultant examiner Dr. O'Brien. The ALJ cites a portion of Dr. O'Brien's report, which stated that the claimant did not have problems in the area of attention and distractibility. [Dkt. 17-2 at 15, R. 14.] The ALJ continued to state examples from Dr. O'Brien's report that claimant did not demonstrate difficulties with immediate or recent memory, nor with minor calculation problems. [*Id.*] The ALJ further notes Dr. O'Brien's observation that claimant "displayed appropriate judgment and insight in her responses to several question scenarios." [*Id.*] Although the ALJ did not cite to the Midtown psychiatric records in this part of his decision, those reports were not inconsistent with Dr. O'Brien's assessment. [Dkt. 17-7 at 14, R. 276; Dkt. 17-7 at 16, R. 278.]

Moreover, the Court finds that Wagner's 12.03 Listing argument resembles a style of argumentation that this Court has determined is actually not argument at all. In *Poston*, a case which also involved Wagner's present counsel, the court found that simply stating what the claimant believes the ALJ ignored or arbitrarily rejected, inserting disjointed words or sentences from the allegedly ignored or misstated reports, and failing to explain their significance cannot be used as a method of preserving reviewable arguments on appeal. *Poston v. Astrue*, No.

1:08-cv-1543-JMS-LJM, 2010 U.S. Dist. LEXIS 23933, at *20 (S.D. Ind. March 15, 2010). The court in *Poston* clearly states that "[t]his method of argumentation is not argumentation at all" and concluded that "the formulaic concoctions" of Plaintiff's brief were "toxic to her contentions." *Poston*, 2010 U.S. Dist LEXIS 23933, at *21.

Here, Wagner lists page after page of excerpts from treatment records, [Dkt. 22 at 2-17, Pl.'s Brf. at 2-17], but these groupings of text are ineffective argument because they do not provide "accompanying explanations of the significance of the reports that required the ALJ to specifically address them." *Reese v. Astrue*, No. 1:07-cv-1663-WTL-JMS, 2009 U.S. Dist. LEXIS 15739, at *27 (S.D. Ind. Feb. 27, 2009). The Court finds this portion of Wagner's brief particularly unhelpful and far from a work of clarity.

The Court finds Wagner's approach and arguments unpersuasive and determines that the appropriate factors and evidence were considered pursuant to a 12.03 Listing. The ALJ made the required determination that Wagner did not have an impairment or combination of impairments that equaled the requisite severity under the Listing and there is substantial evidence supporting that conclusion.

**B.    Wagner's Medical Advisor Argument**

Wagner next asserts that the ALJ was required to summon a medical advisor and that the ALJ substituted his opinions for that of claimant's treating and examining physicians.  The Court disagrees.  Though the law requires an ALJ to solicit additional information when it is necessary to provide an informed basis for determining whether the claimant is disabled, **20 C.F.R. § 404.1527(c)(3)** (2010); 20 C.F.R. § 416.927(a)(3) (2010); *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000), courts will consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence or the existence and severity of an individual's impairment. SSR 96-7p, 1996 WL 374186 (July 2, 1996).

20 C.F.R. § 416.927(f)(2)(i) states that state agency physicians are "highly qualified physicians" who are also experts in Social Security disability evaluation.  Expanding on this regulation, the court in *Barnett v. Barnhart* determined that "[l]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." 381 F.3d 664, 670 (7th Cir. 2004).

Wagner argued at the hearing that, if the ALJ had brought in a psychiatrist or psychologist as she believed was required, the ALJ would not have made the alleged errors in this case. What Wagner fails to note or consider, however, is that a consultative examination was, in fact, performed by a doctor possessing the claimant's desired credentials. Dr. O'Brien, Psy.D., examined the claimant and performed a psychological evaluation. Dr. O'Brien is also endorsed as a Health Service Provider in Psychology (HSPP), meaning that he is certified to "engage in the diagnosis and treatment of mental and behavioral disorders." *Information Pertaining to Endorsement as a Health Service Provider in Psychology (HSPP)*, **http://www.in.gov/pla/files/HSPP.pdf** (last visited July 11, 2011). Moreover, two other mental health professionals for the Social Security Administration reviewed the record and affirmed the opinions of Dr. O'Brien.

Because the judgment of state agency psychologists is considered expert opinion, the ALJ satisfied his requirement by considering these opinions. Wagner's argument that the ALJ erred by not doing so is therefore unconvincing.[2]

---

[2] Ms. Wagner argued at the hearing that the evaluations of the consultant examiners were not based on all of the evidence in the record, and were therefore incomplete, as they did not consider treatment evidence proving disability produced after the date of their respective examinations. Ms. Wagner further asserted that, as a result, a medical advisor was needed to testify at the hearing on February 2, 2010. In response, the Commissioner stated that the evidence received into the record after the examination dates did not provide new evidence of disability and was insubstantial. The ALJ had the opportunity to examine this evidence and request additional medical opinion on it if he thought it was necessary to make an informed decision. The Court has determined that the ALJ made an informed decision and that decision was supported by substantial evidence in the record. As such, the ALJ's finding will be conclusive. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

Wagner also argues that the ALJ substituted his own opinions when an expert's was required. Because the Court has already determined that the report of Dr. O'Brien and the consultant examiners' review of the record are considered expert opinion, Wagner's argument is inapposite. Even if Wagner were to assert that further expert opinion was necessary in this case, her argument still fails because the ALJ's decision was based on substantial evidence in the record that allowed for an informed decision. Wagner cites to *Green v. Apfel* where the Court held that the ALJ should "summon a medical expert if that is necessary to provide an informed basis for determining whether the claimant is disabled." 204 F.3d 780, 781 (7th Cir. 2000). *Green* can be distinguished, however, by *Doulen v. Astrue*, No. 1:08-cv-1217-LJM-TAB, 2009 U.S. Dist. LEXIS 115419 (S.D. Ind. Dec. 9, 2009). In *Doulen*, the court determined that the ALJ "clearly articulated his basis for finding that Doulen's impairments did not meet or medically equal the requirements set forth in the listings." *Doulen,* 2009 U.S. Dist. LEXIS 115419, at *12. The court then noted that "[i]f the ALJ found it necessary to hear supplemental medical opinion, he was entitled to do so. However, the ALJ was not required to summon a supplementary medical opinion, as

---

evidence, shall be conclusive…."). Moreover, Ms. Wagner cited to this additional evidence allegedly proving disability, but failed to articulate which portions of this evidence differed from the evidence that was considered by the consultant examiners both performing the evaluations and reviewing the record. The Court is not obligated to search the record to support Wagner's argument. *SeeUnited States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. Ill. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

substantial evidence was before him to make a well informed decision….." *Id*.

Like the ALJ in *Doulen*, the ALJ in the present case weighed the evidence of the psychological reports from the consultant examiner and the opinions of the consultant examiners reviewing the record.  Because the ALJ's finding was clearly grounded in these reports, the Court finds that the ALJ did not substitute his own opinions for that of a medical advisor and substantial evidence in the record supports the ALJ's conclusion.

**C.   Wagner's Challenge to the Credibility Determination and Residual Functional Capacity Finding**

Next, Wagner contends that the ALJ's decision was contrary to SSR 96-7p.  The Court disagrees. The purpose of SSR 96-7p

> is to clarify when the evaluation of symptoms…requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision.

SSR 96-7p, 1996 WL 374186 (July 2, 1996).

The Court determines that the ALJ complied with the stated purpose of this ruling by making a credibility determination that was based upon Wagner's statements about pain or other symptoms and its functional effect as well as by assessing and explaining each factor and its importance in reaching his decision.

At the hearing, counsel for Wagner argued that the ALJ

referenced only one of the many factors to be considered pursuant
to a credibility determination under SSR 96-7p and, therefore,
the case is subject to remand.  It is clear, however, that the
ALJ listed and provided support for each of the seven factors to
be considered when assessing the credibility of a claimant's
statements. [Dkt. 17-2 at 17-20, R. 16-19.]  The seven factors to
be considered along with all other relevant evidence are as
follows:

> (i)  The individual's daily activities;
> (ii) The location, duration, frequency, and
> intensity of the individual's pain or other
> symptoms;
> (iii)Factors that precipitate and aggravate the
>  symptoms;
> (iv) The type, dosage, effectiveness, and side
> effects of any medication the individual takes or
> has taken to alleviate pain or other symptoms;
> (v)  Treatment, other than medication, the
> individual receives or has received for relief of
> pain or other symptoms;
> (vi) Any measures other than treatment the
> individual uses or has used to relieve pain or
> other symptoms (e.g., lying flat on his or her
> back, standing for 15 to 20 minutes every hour,
> sleeping on a board);and
> (vii)Other factors concerning the individual's
> functional limitations and restrictions due to
> pain or other symptoms.

SSR 96-7p, 1996 WL 374186 (July 2, 1996); 20 C.F.R. § 404.1529
and § 416.929 (2010).

The ALJ supplies an incredibly detailed analysis of each
factor, giving credence to the fact that the claimant's
subjective complaints were inconsistent with the reports of the
consultant examiners and some of her mental health records.  In
order to fully develop her argument on this point, Wagner must

"indicate what specific pieces of evidence relevant to all of the seven factors were ignored." *Poston*, 2010 U.S. Dist. LEXIS 23933, at *25. Wagner fails to make this showing. Rather, Wagner broadly argued both at the hearing and in her brief that the ALJ "failed to make any accurate findings concerning the seven factors the Ruling requires the ALJ to consider." [Dkt. 22 at 33, Pl.'s Brf. at 33.] As in *Poston*, this constitutes an underdeveloped argument that is therefore waived. *Poston*, 2010 U.S. Dist. LEXIS 23933, at *26; *see also Reese v. Astrue*, No. 1:07-cv-1663-WTL-JMS, 2009 U.S. Dist. LEXIS 15739, at *28 (S.D. Ind. February 27, 2009) (explaining that the Plaintiff is "obliged to build his own accurate and logical bridge connecting the omitted evidence and the ALJ's articulation requirement…. He should not expect the Court to construct his argument for him."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (stating that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim.") (citing *United States v. Giovanetti*, 919 F.2d 1223, 1230 (7th Cir. 1990)).

The Court finds that the ALJ supplied a detailed account of his reasoning and provided support for his determination with respect to each factor; thus Wagner's argument, had it not been waived, fails.

**D. Wagner's Step Five and RFC Challenge**

Wagner asserts that the ALJ's Step Five determination
ignores all evidence of disability and is not supported by
substantial evidence in the record. Wagner further asserts that
the ALJ's RFC assessment did not include the limitations of her
schizoaffective disorder. The Court disagrees.

Step Five of the evaluation process requires the ALJ to
determine if the claimant is able to do any other work in light
of her residual functional capacity, age, education, and work
experience. Pursuant to the C.F.R., the Social Security
Administration is responsible for showing that other work exists
within the national economy that the claimant can perform given
the claimant's residual functional capacity, age, education, and
work experience. 20 C.F.R. § 404.1512(g) (2010); 20 C.F.R. §
404.1560(c) (2010); 20 C.F.R. § 416.960(c) (2010).

Here, state agency experts determined that Wagner could
perform simple, repetitive work and the ALJ accepted those
opinions. Specifically, the ALJ cites to the report of Dr.
Levine, M.D., Ph.D., MSPH, who determined that Wagner was able to
"stand or walk for at least two hours in an eight hour work day,
use one or both upper extremities for lifting or carrying less
than ten pounds frequently or over ten pounds infrequently."
[Dkt. 17-2 at 20, R. 19.] Taking this into consideration, the
ALJ limited Wagner to a light exertion level. With regard to the

mental residual functional capacity assessment, Dr. Kenneth
Neville, Ph.D., determined that while Wagner had some moderate
limitations, she was capable of "simple, repetitive tasks on a
sustained basis without special considerations." [Dkt. 17-11 at
17, R. 363.]  This portion of Dr. Neville's opinion is cited and
accepted by the ALJ as there is no treating source opinion
regarding the claimant's mental residual functional capacity.
[Dkt. 17-2 at 20, R. 19.]  In accepting Dr. Neville's opinion,
the ALJ accounted for Wagner's moderate mental impairments by
limiting her to work involving "simple, repetitive, routine
tasks, which do not require more than superficial interaction
with the public, coworkers, and supervisors." [*Id.*]

Further, the ALJ cited testimony from the vocational expert
which was based upon the ALJ's residual functional capacity
finding, including her limitations.  Although the vocational
expert testified that according to her professional experience
the claimant performed her work at a heavy exertion level, [Dkt.
17-2 at 50, R. 49], the ALJ limited the claimant to light work
due to her impairments.  With this limitation in mind, the
vocational expert testified that there would be jobs available
based upon the claimant's age, education, work experience, and
residual functional capacity for unskilled, light jobs. [Dkt. 17-
2 at 20, R. 19; Dkt. 17-2 at 52, R. 51.]  Coupled with Wagner's
residual functional capacity assessment and the limitations
imposed by the ALJ on Wagner's work abilities, the Court

determines that the ALJ's Step Five determination was supported by substantial evidence in the record.

With regard to her residual functional capacity, Wagner argues that the ALJ's RFC assessment omits the limitations created by her schizoaffective disorder. From *Poston*, the Court recognizes that failing to "back such assertions with legal analysis or evidence from the record" results in a forfeiture of the argument. *Poston*, 2010 U.S. Dist. LEXIS, at *26*; *see also Reese*, 2009 U.S. Dist. LEXIS 15739, at *5 (finding waiver where Plaintiff did not back such assertions with legal analysis or evidence from the record or assert what particular pieces of evidence were omitted and should have been discussed by the ALJ); *Dunkel*, 927 F.2d at 956 (stating that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim.") (citing *Giovanetti*, 919 F.2d at 1230). Wagner fails to support her RFC contention with such analysis or evidence; thus the Court finds that Wagner has forfeited her RFC challenge.

Even if Wagner's RFC argument was not waived, the Court still finds that argument unavailing. The ALJ based his RFC finding on Wagner's testimony regarding her symptoms of pain and other impairments, her medical history, and the activities of her daily living. [Dkt. 17-2 at 21, R. 20.] There was substantial evidence within these sources to support the ALJ's RFC determination; thus Ms. Wagner's argument, had it not been forfeited, fails.

**E.    Wagner's Post Hoc Rationalization Argument**

        Finally, Wagner asserts that the Commissioner improperly
rewrote the ALJ's decision to "make it seem more complete and
more rational." [Dkt. 24 at 11; Pl.'s Brf. at 11.]  Wagner cites
to *Golembiewski v. Barnhart*, 322 F.3d 912 (7th Cir. 2003) for the
proposition that the "general principles of administrative law
preclude the Commissioner's lawyers from advancing grounds in
support of the agency's decision that were not given by the ALJ."
[Dkt. 24 at 12; Pl.'s Brf. at 12.]  In *Golembiewski*, however, the
Commissioner was defending the ALJ's credibility determination
"on the theory that the body of the ALJ's decision implicitly
supplies reasons for rejecting the testimony." *Golembiewski*, 322
F.3d 912 at 916.  In the present case, the defense does not
attempt to support its argument on implied theories or
rationales, nor does it attempt to improperly advance assertions
or evidence not articulated by the ALJ in his credibility
determination or otherwise.  The Commissioner supports his
arguments with examples from the ALJ's decision rather than
simply filling in parts of the ALJ's analysis, which the Court
finds was thorough and well-reasoned.  As such, Wagner's
contention that the Commissioner engaged in post hoc
rationalization is unconvincing.

**V.  CONCLUSION**

The Court finds Ms. Wagner's arguments unpersuasive and without merit.  Additionally, the Court holds that substantial evidence in the record exists to support the ALJ's findings and decision, which is **AFFIRMED**.  Final judgment will be entered accordingly.

Dated:  08/02/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com